IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE WARE, #1035162, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-3594-P-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a *pro se* federal habeas corpus petition, under 28 U.S.C. § 2254, challenging the enhancement of his sentence on the basis of a prior conviction. For the reasons that follow, it is recommended that this action be dismissed.

**I. BACKGROUND**

In 2001, Petitioner was convicted of aggravated assault and sentenced to a fifty-year term of imprisonment. *State v. Ware*, No. F01-00332 (Crim. Dist. Ct. No. 2, Dallas Cty., 2001), *aff'd*, No. 05-01-0466-CR (Tex. App. -- Dallas, Nov. 15, 2002). He unsuccessfully sought state habeas relief, challenging his aggravated assault conviction and the prior 1986 conviction used to enhance his sentence. *See Ex parte Ware*, No. WR-67,186-01 (Tex. Crim. App., Apr. 25, 2007) (denying habeas application challenging aggravated assault conviction); *Ex parte Ware*, No. WR-67,186-02 (Tex. Crim. App. May 30, 2012) (dismissing habeas application challenging 1986 prior conviction because of discharge of sentence).

After the petition was filed in this case, the Court issued a questionnaire and a separate

order requiring payment of the $5 filing fee, noting the *in forma pauperis* (IFP) data sheet (certificate of inmate account) reflected an average six-month balance of $522.00, and a current balance of $322.00 in Petitioner's inmate account. (Doc. 5-6).[1] Petitioner responded that the order [requiring payment of the $5.00 filing fee] "constitute[d] . . . extortion . . . of his funds to served [sic] [the Judge's] personal needs," and he sought to disqualify the undersigned for issuing the questionnaire. (Doc. 8). The Court denied the motion to disqualify, but extended the deadline for the $5.00 fee payment to October 22, 2012. (Doc. 9). On October 9, 2012, Petitioner filed a new IFP motion, this time without an IFP data sheet, listing as the only funds received by him in the previous 12 months, "from a civil suit in the pass [sic] 1.00." (Doc. 10 at 1). As of the date of this recommendation, Petitioner has failed to pay the $5.00 filing fee as ordered.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to

---

[1] Miscellaneous Order No. 6, filed on May 5, 2005, provides that a person seeking relief pursuant to 28 U.S.C. §§ 2241 and 2554 may proceed IFP "if the average six month balance of the person's inmate trust account *and* other financial resources are less than $50.00."

apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (where limitations "prevents or arguably may prevent" further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry*, 975 F.2d at 1191.

Here, Petitioner has a clear record of purposeful delay. This case has been pending for over two months, and this is Petitioner's second implied refusal to comply with the Court's order to pay the $5 filing fee. Petitioner's latest IFP motion fails to explain why he cannot pay the required $5.00 filing fee, even though in September he had over $300 in his inmate trust account. Since Petitioner is proceeding *pro se*, the delay caused by his implied refusal to comply with Court's order is attributable to him alone. *See Berry*, 975 F.2d at 1191. Moreover, in light of his implied failure to pay the $5 filing fee, no lesser sanction will prompt diligent prosecution of this case. Accordingly, the District Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Petitioner's habeas action. *See Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (*per curiam*) (district court did not abuse its discretion in dismissing habeas corpus petition with prejudice, given federal inmate's record of contumacious conduct); *Curtis v. Quarterman*, 2009 WL 2351620, *1-2 (5th Cir. Jul. 31, 2009) (unpublished *per curiam*) (applying higher standard of review to habeas petition dismissed for

want of prosecution).

Alternatively, the federal petition should be dismissed for failure to exhaust state court remedies. A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under TEX. CODE CRIM. PROC. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. He concedes that he has not filed a state habeas application raising the ground pled in his federal petition -- namely that his 2001 aggravated assault conviction was improperly enhanced based on the 1986 prior conviction. (Doc. 7, Ans. 2). Therefore, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claim, and it remains unexhausted.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** for want of prosecution or, alternatively, for failure to exhaust state court remedies.  Consequently, Petitioner's motions for leave to proceed *in forma pauperis* (Doc. 4 and 10) should be **DENIED** as moot.

SIGNED November 6, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE