**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EUGENE WARE, #1035162,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-3594-P-BK** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND
DENYING CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

Petitioner objects to the recommendation dismissing his habeas petition for want of prosecution. (Doc. 15 at 2-4). However, he fails to provide anything to indicate that he did comply with the Magistrate Judge's orders to pay the $5 filing fee as required by Local Rule. (Doc. 5, 9). Nor does Petitioner explain why he cannot pay the required $5.00 filing fee, even though his September 2012 inmate trust statement reflected a balance of over $300.

Petitioner also objects to the recommendation dismissing his petition for failure to exhaust state court remedies. He states that he is not challenging the aggravated assault conviction (for which he is currently in custody), but only the 1986 conviction used to enhance his current sentence. (Doc. 15 at 2, 5). Because Petitioner is *not* in custody based on the 1986

prior conviction, his enhancement claim can only be brought as a challenge to his current conviction (aggravated assault) as enhanced based on the 1986 prior conviction.[1]  Petitioner, however, has not exhausted his state court remedies by filing a state habeas application challenging his aggravated assault conviction as enhanced based on the 1986 conviction.  His questionnaire answers (Doc. 7, Ans. 2) concede as much, and his objections fail to rebut the Magistrate Judge's findings that he did not exhaust his state court remedies.  Accordingly, Petitioner's enhancement claim remains unexhausted.

Petitioner's objections are overruled.  The Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge, and **DENIES** Petitioner's motions to proceed *in forma pauperis* (Doc. 4 and 10) and his request for an evidentiary hearing raised in his objections.  Petitioner's Motion for Leave to File Application for Writ of Mandamus filed on November 19, 2012 is also Denied.  (Doc. 12).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims

---

[1] In *Maleng v. Cook*, 490 U.S. 488, 493-94 (1989), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

SO ORDERED this 7th day of Dec., 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

(a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.